21837

In the Interest of Kevin LEITZSEY, Appellant.
(298 S. E. (2d) 777)

*Chief Atty. John L. Sweeny,* of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Lindy P. Funkhouser* and *Sr. Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Jan. 3, 1983.

*Per Curiam:*

The appellant has been adjudicated delinquent and committed to the custody of the Department of Youth Services until the age of twenty-one or until released by that agency.

The appellant, a Lexington County resident, was charged in a juvenile petition with "peeping tom" and arson. These incidents occurred in Lexington County, but the appellant was sent to Richland County Department of Youth Services to be held pending adjudication of the charges in the petition.

While being held in Richland County, he committed an assault and battery. A petition charging that offense was filed in Richland County, but was transferred to Lexington County for adjudication with the other charges.

Alleging a violation of Family Court Rule 40, the appellant moved for an order transferring the case back to Richland County. He appeals from the denial of that motion.

Family Court Rule 40 provides for a change of venue at the discretion of the trial judge. This Court will not overturn a trial judge's ruling on venue unless an abuse of discretion has occurred to the prejudice of the appellant. *State v. Massey*, 267 S. C. 432, 229 S. E. (2d) 332 (1976). The appellant has made no showing of prejudice.

We affirm the decree of the Family Court.